UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANA P. BROWN,

                  Plaintiff,

        -v-

KEVIN BRUN, LAWRENCE HALE,
ROBERT BRUMSTEAD, JASON ZIOLKOWSKI,
CHRISTOPHER FITCH, TIMOTHY EBERTH,
EDWARD NOWAK, CRAIG YACKEREN, STEVE GOLAB,
RICHARD HARCROW, DOUGLAS NOLAN,
CRAIG OLSZEWSKI, STEVE KUJAWSKI,
RICHARD PISTNER, THOMAS JUDASZ,
SUPERINTENDENT CONWAY,
COMMISSIONER FISCHER, and LT. MURRAY,

                  Defendants.

_____

**DECISION AND ORDER**
10-CV-0397A



## **INTRODUCTION**

    Plaintiff, Dana Brown, an inmate of the Clinton Correctional Facility, who
was incarcerated at the Attica Correctional Facility at the time of the events
alleged in the complaint, has filed this *pro se* action seeking relief under
42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in
forma pauperis* and filed a signed Authorization (Docket No. 1). Plaintiff also
moves for the appointment of counsel (Docket No. 3), which, at this time, is
denied as premature.[1] Plaintiff claims that the defendant correctional officers

_____

[1]A more fully developed record will be necessary before the Court can determine whether plaintiff's
chances of success warrant the appointment of counsel. Therefore, plaintiff's application is denied without
prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated.
*See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel,

Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, and Timothy Eberth violated his rights on October 1, 2009, when at Attica they assaulted him and either Joseph Jankowski, Jason Ziolkowski or Steve Kujawski threatened to sexually assault him with a baton. Plaintiff also alleges that defendant Hale filed a false misbehavior report in relation to the alleged assault and that defendants Lt. Murray, Superintendent Conway and Commissioner Fischer violated his procedural due process rights when Murray found him "guilty" following a Tier III Superintendent's Hearing of the violations alleged in the misbehavior report, and Conway and Fischer upheld the finding of guilt. *See Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal quotation marks, citations and emphasis omitted). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, certain of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission

---

the Court must first look to the "likelihood of merit" of the underlying dispute).

to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Padus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2)

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims against defendants Edward Nowak, Craig Yackeren, Steve Golab, Richard Harcrow, Douglas Nolan, Craig Olszewski, Richard Pistner and Thomas Judasz, and the claim against defendant Lawrence Hale alleging the filing of a false misbehavior report must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted. In addition, the Court finds that plaintiff's procedural due process claims against defendants Conway and Fischer must be dismissed unless plaintiff files an amended complaint as directed below.

## A. PLAINTIFF'S CLAIMS

### 1. Claims Against Certain Defendants

As noted, plaintiff alleges that a number of the named defendants assaulted him on October 1, 2009 at Attica, that defendant Hale filed a false behavior report against him and that he was denied due process at the Tier III Superintendent's Hearing by defendants Murray, whom presumably was the Hearing Officer, and Cownay and Fischer, whom allegedly upheld the finding of plaintiff's guilt during administrative review.

The complaint names as defendants the following individuals whom are not alleged to have been involved in the assault that forms the basis of plaintiff's claims herein--Edward Nowak, Craig Yackeren, Steve Golab, Richard Harcrow, Douglas Nolan, Craig Olszewski, Richard Pistner and Thomas Judasz. In order for a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Since plaintiff has made no specific allegations whatsoever about the involvement of these defendants in the complained-of assault and alleged due process violations, the claim against them must be dismissed.

### 2. False Misbehavior Report

As to the allegation that defendant Hale filed a false misbehavior report against plaintiff arising out of the alleged assault, the allegation does not state a constitutional violation because an inmate has no constitutional immunity from being falsely written up. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988); *Husbands v. McClellan*, 957 F. Supp. 403 (W.D.N.Y. 1997). The only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report but

5

instead on the conduct of the hearing itself. Accordingly, the claim against Hale alleging the filing of a false misbehavior report must be dismissed.

### 3. **Supervisory Liability: Due Process Violations**

Plaintiff also alleges that defendants Lt. Murray, the presumed Hearing Officer, and Superintendent Conway and Commissioner Fischer, violated his rights to due process when they "upheld [the] Hearing." Plaintiff claims that there was "overwhelming evidence" that the correctional officers assaulted him and that conflicting testimony and the "wrong documents all claim[]ing different stories [and] someone else['s] ID number [was set forth] in body of [misbehavior] report" were presented at the Superintendent's Hearing. (Complaint, Section 5A, Second Claim, at 5-6.)

Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon*, 58 F.3d at 874. Instead, a showing of some personal responsibility on the part of a supervisory official is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing

6

subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). *See also Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) ("[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff "must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution.")

"The Second Circuit has held that allegations that a superintendent [of a correctional facility] affirmed a prisoner's conviction on administrative appeal were sufficient to allege that the superintendent was personally involved in depriving the prisoner of his due process right to call witnesses." *Johnson v. Coombe*, 156 F.Supp.2d 273, 278 (S.D.N.Y.2001) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)). *See also Cepeda v. Coughlin*, 785 F.Supp. 385, 391 (S.D.N.Y.1992) ("The Complaint alleges that '[t]he Commissioner and/or his designee entertained plaintiffs appeal and also affirmed.' ... [T]he allegation that supervisory personnel learned of alleged misconduct on appeal yet failed to correct it constitutes an allegation of personal participation. Assuming that this allegation is true, as this court must on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) . . ., Cepeda has pleaded personal involvement by Commissioner Coughlin sufficiently to withstand this motion."); *but see Manley v. Mazzuca*, 2007 WL 162476, at *10 (S.D.N.Y. Jan. 19, 2007) ("[A]ffirming the administrative denial of a prison inmate's grievance by a high-level official is insufficient to establish personal involvement under section 1983.") ( citing *Foreman v. Goord*, 2004 WL 1886928, at *7 (S.D.N.Y. Aug. 23, 2004) ("The fact

that [the prison superintendent] affirmed the denial of plaintiff's grievances is insufficient to establish personal involvement.")).

In *Williams*, the plaintiff expressly claimed that the Superintendent of the Facility affirmed his conviction on administrative appeal and the Second Circuit found that was sufficient to defeat summary judgment "even if [the Superintendent] did not actively affirm the conviction on administrative appeal . . ." 781 F.2 at 324.

However, other courts, including this one, have held that "merely affirming the hearing determination is not a sufficient basis to impose liability." *Johnson*, 156 F.Supp.2d at 278 (citing *Abdur-Raheem v. Selsky*, 598 F.Supp.2d 367, 370 (W.D.N.Y.2009) (Larimer, J.) ("The only allegation concerning Selsky [DOCS' Director of Special Housing Unit] in the case at bar is that he affirmed the disposition of plaintiff's administrative segregation hearing, pursuant to which plaintiff was confined to SHU.... That is not enough to establish Selsky's personal involvement."); *Ramsey v. Goord*, 2005 WL 2000144, *6 (W.D.N.Y.2005) (Skretny, J.) ("the fact that Commissioner Goord and SHU Director Selsky, as officials in the DOCS 'chain of command,' affirmed defendant [Hearing Officer's] determination on appeal is not enough to establish personal involvement of their part").

"The distinction between these cases appears to be that 'while personal involvement cannot be founded solely on supervision, liability can be found if the official proactively participated in reviewing the administrative appeals as opposed

8

merely to rubber-stamping the results.'" *Woodward v. Mullah*, 2009 WL 4730309, at * 2-3 (W.D.N.Y. Dec. 7, 2009) (quoting *Hamilton v. Smith*, 2009 WL 3199531, *22 (N.D.N.Y.2009), report and recommendation adopted as modified, 2009 WL 3199520) and (citing *Odom v. Calero*, 2008 WL 2735868, at *7 (S.D.N.Y.2008) ("The reference in case law to an official who 'fails to remedy' a violation logically applies only to ongoing, and therefore correctable, constitutional violations-not to a specific event that is later subject to formal review by designated officials once the constitutional violation has already concluded.")

The allegations against the supervisory officials in this case--Conway and Fischer--are limited at best. The complaint merely alleges that they "upheld hearing." The Court finds that this is insufficient to state a claim and thus plaintiff's claims against Conway and Fishcer must be dismissed but without prejudice to filing an amended complaint. See *Woodward*, 2009 WL 4730309, at * 2-3. Accordingly, plaintiff's claims against Conway and Fischer will be dismissed unless plaintiff files an amended complaint as directed below which sets forth factual allegations that Conway and Fischer were personally involved in the alleged due process violations. *See Abbas*, 480 F.3d at 639.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against Edward Nowak, Craig Yackeren, Steve Golab, Richard Harcrow,

Douglas Nolan, Craig Olszewski, Richard Pistner and Thomas Judasz are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, plaintiff's claims against defendants Conway and Fischer will be dismissed unless plaintiff files an amended complaint on or before **October 10, 2010**, and the U.S. Marshal is directed to serve the summons and complaint on Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, Timothy Eberth and Lt. Murray regarding the remaining claims of assault and due process violations.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the claims against defendants Conway and Fischer will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and service will be made with respect to the remaining assault and due process claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against defendants Edward Nowak, Craig Yackeren, Steve Golab, Richard Harcrow, Douglas Nolan, Craig Olszewski, Richard Pistner and Thomas Judasz, and the claim against defendant Lawrence Hale alleging the filing of a false misbehavior report are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Edward Nowak, Craig Yackeren, Steve Golab, Richard Harcrow, Douglas Nolan, Craig Olszewski, Richard Pistner and Thomas Judasz as parties to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding his procedural due process claims against Conway and Fischer set forth in the Second Claim of the complaint (Complaint, Section 5A, Second Claim, at 5-6) as directed above by **October 10, 2010;**[2]

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 10, 2010**, the claims against Conway and Fischer will be dismissed with prejudice without further order of the Court and the Clerk of the

---

[2]Plaintiff is reminded that he must also include in this amended complaint his claims against Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, Timothy Eberth and Lt. Murray related to the alleged assault on October 1, 2009, and the due process violations at the Superintendent's Heaering on October 20, 2009. Because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they will not be preserved for service on the defendants.

Court shall terminate defendants Conway and Fischer as parties to this action; and

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 10, 2010**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order regarding the assault and remaining due process claims upon defendants Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, Timothy Eberth and Lt. Murray at the Attica Correctional Facility, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: _Sept. 8_, 2010