UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANA P. BROWN,

        Plaintiff,

   -v-

KEVIN BRUN, et al.,

        Defendants.

DECISION AND ORDER
10-CV-0397A



---

## BACKGROUND

On September 8, 2010, the Court granted plaintiff permission to proceed *in forma pauperis*, dismissed a number of claims against a number of defendants alleged in the complaint for failure to state a claim upon which relief can be granted, see 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), directed plaintiff to file an amended complaint by October 10, 2010 against defendants Conway and Fischer with respect to his procedural due process claims arising out of a Tier III Superintendent's Hearing, and directed that if plaintiff did not file an amended complaint by that date the claims against Conway and Fischer would be dismissed with prejudice and that the Clerk of the Court was to cause the summons and complaint to be served on defendants Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, Timothy Eberth and Lt. Murray regarding the assault and remaining due process claims alleged in the complaint. (Docket No. 4.) On September 16, 2008, the Court issued an Order clarifying what defendants should be

served if plaintiff failed to file an amended complaint by October 10, 2010. In addition to the defendants identified above to be served, the Court directed that defendants Robert Brumstead and Steve Kujawkski be served. (Docket No. 5.)

By letter dated, September 14, 2010, and filed September 22, 2010, plaintiff appeared to advise the Court that he did not intend to file an amended complaint and clarified that the defendants whom he alleges were personally involved in the assault and due process violations set forth in the complaint were Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, Timothy Eberth, Lt. Murray and Robert Brumstead, but not Steven Kujawski.[1] However, on October 8, 2010, plaintiff did, in fact, file an amended complaint (Docket No. 7, Amended Complaint) against the defendants originally named in the complaint and alleged to have assaulted plaintiff on October 1, 2009--Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch and Timothy Eberth--and two others also allegedly involved in the assault--Robert Brumstead and Steve Kujawksi. (Amended Complaint, First Claim.) The amended complaint also names again Lt. Murray, the Hearing Officer, and Brian Fischer, Commissioner of the New York State Department of Correctional Services, whom affirmed Lt. Murray's disposition of guilt following the Superintendent's

---

[1] The complaint had noted that plaintiff was not certain what defendants, in addition to assaulting him, had threatened to sexually assault him with a baton and that said defendants were Joseph Jankowski, Jason Ziolkowski and/or Steve Kujawski. Plaintiff's letter clarified, apparently, that plaintiff was not alleging that Kujawski had threatened to assault him but Kujawski is again named in the amended complaint.

2

Hearing. (*Id.*, Second and Third Claim.) Two new defendants are also named in the amended complaint: P. Booth, a nurse, whom plaintiff alleges denied him medical treatment for an eye injury he suffered in the assault, and falsely reported that plaintiff was seen by a doctor on October 9, 2010, and that no injuries were noted during the examination (*id.*, Fourth Claim); and Dr. James T. Evans, a doctor, whom plaintiff alleges violated New York Civil Rights Law, § 50A by conducting an interview with plaintiff on October 9, 2010, with a correctional sergeant and two correctional officers present who "he[a]rd the whole complaint [plaintiff was making] against th[ei]r co-workers " (*id.*, Fifth Claim). For the following reasons, the claims against Commissioner Fischer and Dr. Evans are dismissed with prejudice for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and the Court will direct the Clerk of the Court to cause the United States Marshals Service to serve the summons and amended complaint upon defendants Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, Timothy Eberth, Robert Brumstead, Steve Kujawksi, Lt. Murray and P. Booth.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of the amended complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in

plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Padus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)).

### A. CLAIMS AGAINST COMMISSIONER FISCHER

Plaintiff again alleges only that Commissioner Fischer "upheld the due process violation" that allegedly occurred in the course of the Superintendent's Hearing conducted by Lt. Murray.

4

(Amended Complaint, Third Claim.) As addressed in the Court's initial order in this case which, in part, directed plaintiff to file an amended complaint against both Fischer and Conway, Attica Superintendent, it is the well settled that a defendant must be personally involved in an alleged constitutional deprivation for a court to award damages under § 1983 see, e.g., Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir.2001), and that there is an apparent split in the Circuit as to whether the affirmance of disciplinary hearing disposition is sufficient to establish personal involvement. (Docket No. 4, Decision and Order, at 5-9) (collecting cases). "The distinction [between those cases that hold that affirmance of a disciplinary hearing is enough and those that hold it is not] appears to be that 'while personal involvement cannot be founded solely on supervision, liability can be found if the official proactively participated in reviewing the administrative appeals as opposed merely to rubber-stamping the results.'" Woodward v. Mullah, No. 08-CV-0436A, 2009 WL 4730309, at * 2-3 (W.D.N.Y. Dec. 7, 2009) (quoting Hamilton v. Smith, 2009 WL 3199531, at * 22 (N.D.N.Y.2009), report and recommendation adopted as modified, 2009 WL 3199520) and (citing Odom v. Calero, No. 06 Civ. 15527(LAK)(GWG). 2008 WL 2735868, at * 7 (S.D.N.Y.2008) ("The reference in case law to an official who 'fails to remedy' a violation logically applies only to ongoing, and therefore correctable, constitutional violations-not to a specific event that is later subject to

5

formal review by designated officials once the constitutional violation has already concluded.")).

Because the original complaint alleged only that Fischer and Conway "upheld hearing," the Court found that said allegations were insufficient to state a claim and directed plaintiff to file an amended complaint against Fischer and Conway, and that, if the amended complaint did not set forth sufficient allegations of personal involvement, the amended complaint would be dismissed as against said defendants  The amended complaint, which only names Fischer, is again insufficient to state a claim against Fischer inasmuch as it does not allege that he "proactively participated in reviewing the administrative appeals as opposed merely to rubber-stamping the results." Woodward, 2009 WL 4730309, at * 2-3 (internal quotation marks and citations omitted.)  Accordingly, the amended complaint is dismissed as against Fischer.

### B. CLAIM AGAINST DR. EVANS

Plaintiff alleges that Dr. Evans interviewed and examined him following the alleged sexual assault with a correctional sergeant and two correctional officers present in the examination room in violation of New York Civil Rights Law, § 50A.  The gist of this claim appears to be that plaintiff was required to inform Dr. Evans of complaints against other correctional officers in the presence of their co-workers.  This, however, fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).  In the absence of a violation

of one's federal constitutional rights, a violation of state statutory law does not create an actionable cause of action under 42 U.S.C. § 1983. See United States v. Jakobetz, 955 F.2d 786, 802 (2d Cir.1992) (recognizing that, even where evidence showed an alleged violation of N.Y.C.P.L. § 160.50, there was "no authority to indicate that [a defendant's] constitutional rights ha[d] been violated," and that, "at most ... [the act] violated a statutory right under New York law"). Accordingly, plaintiff's claims against Dr. Evans are dismissed with prejudice. See Foman v. Davis, 371 U.S. 178, 182 (leave to amend a complaint need not be granted when amendment would be futile).

IT IS HEREBY ORDERED that the claims against defendants Brian Fischer and James T. Evans, Doctor, are dismissed with prejudice and the Clerk of the Court is directed to terminate Brian Fischer and James T. Evans as parties to this action;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, this Order, and the Orders filed September 8 and 16, 2010 (Docket Nos. 4 and 5), upon defendants Kevin Brun, Lawrence Hale, Jason Ziolkowski, Joseph Jankowski, Christopher Fitch, Timothy Eberth, Steven Kujawski, Lt. Murray, Robert Brumstead and P. Booth, R.N., at the Attica Correctional Facility, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the amended complaint.

**SO ORDERED.**

S/ Michael A. Telesca

---

MICHAEL A. TELESCA
United States District Judge

Dated:   December 3, 2010
         Rochester, New York