UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Dana P. Brown,

                Plaintiff,

                                                    Hon. Hugh B. Scott
                                                    10CV397A

               v.                                             **Report**
                                                             **&**
                                                      **Recommendation**

Kevin Brun et al.,

                Defendants.
_____

       Before the Court is the plaintiff's motion for a default judgment (Docket No. 11).[1]

       The plaintiff commenced this action alleging that excessive force was used against him on October 1, 2009 while he was incarcerated at the Attica Correctional Facility. (Docket No. 7 at page 6). Named as defendants are Kevin Brun, Lawrence Hale, Robert Brumstead, Jason Ziolkowski, Joseph Jankowski, Steave Kujawski, Lt. Murray, Christopher Fitch, Brian Fischer, Timothy Eberth, James Evans and P. Booth. (Docket No. 7). The amended complaint was dismissed as against defendants Evans and Fischer. (Docket No. 8).

       The instant motion by the plaintiff, filed on February 28, 2011, seeks the entry of a default judgment against all of the defendants. However, the record reflects that none of defendants were served until February 16, 2011 (Docket No. 13) and that some of the defendants

---

[1] The parties have consented to have this matter tried before the undersigned pursuant to 28 U.S.C. § 636(c).

1

were not served until March 8, 2011 (Docket No. 23).  At the time the plaintiff filed the motion for default judgment, the time to answer or otherwise respond to the complaint had not expired as to any of the defendants. The request for the Clerk's Entry of Default, also filed by Brown on February 28, 2011, was denied as premature. (See docket entry dated March 1, 2011).

The motion for default judgment should be denied as prematurely filed.

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

 Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

/s/ Hugh B. Scott<br>
United States Magistrate Judge<br>
Western District of New York

Buffalo, New York
March 11, 2008